## JUDKINS et al. v. DOTY (five cases). (Nos. 7831–7835.)

Court of Civil Appeals of Texas. San Antonio. Nov. 2, 1927.

Rehearing Denied Nov. 23, 1927.

Bills and notes ⟜375—Notes given in payment of stock theretofore purchased and paid for by another held valid.

Innocent purchaser for value of notes, originally executed by one since deceased, and renewed by his executors, held entitled to recover thereon, though given in payment of stock, where it was shown that one from whom deceased purchased stock had bought and presumably paid for it and afterwards transferred it to deceased.

Appeal from Bexar County Court at Law No. 1; McCollum Burnett, Judge.

Action by J. C. Doty against O. H. Judkins and others, independent executors of the estate of R. R. Russell, deceased. Judgment for plaintiff, and defendants appeal. Affirmed.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests ·and Indexes

(299 S.W.)

Spencer & Rogers, of San Antonio, for appellants.

Arnold & Cozby, of San Antonio, for appellee.

FLY, C. J. This is a suit on a promissory note for $500, bearing 8 per cent. interest, its due date being February 12, 1926, executed by the independent executors of the estate of R. R. Russell, deceased, it being alleged that the note, prior to its maturity, for a valuable consideration, became the property of appellee, J. C. Doty. Appellants answered by general demurrer, general denial, and, specially, that there was no consideration moving to the estate for the execution of the note and that it was wholly without consideration. It was in substance answered that the original note executed by R. R. Russell, and for which he received from the Sterling Milk Company 25 shares of its capital stock at the rate of $100 per share, which stock was of no value whatever. It was alleged that after the death of R. R. Russell the note was, from time to time, renewed by the executors of the estate, the last renewal being in the shape of six promissory notes, each for $500. The cause was heard without a jury, and judgment rendered in favor of appellee for $500, according to the face, tenor, and effect of the note.

The findings of fact of the trial judge are approved by this court, and they show that R. R. Russell was not a subscriber to the shares of stock, but bought the same from L. B. Comer, and in payment therefor gave him a promissory note for $2,500. R. R. Russell had no dealings with the corporation directly, but bought shares from L. B. Comer, which he had bought from the corporation. There is no evidence of R. R. Russell having any dealings with the corporation. The five notes sued on, each for $500, together with a sixth note in the same sum, were executed by the executors as a renewal of the original $2,500 note. The testimony is the same in each case, and it was agreed that similar judgments would be rendered in each case. Five of the judgments are before this court. It was shown that under the laws of Oklahoma, where the Sterling Milk Company was chartered and had its domicile, a note given for a subscription to corporate stock in a corporation is void even in the hands of an innocent purchaser; but the evidence tended to show that Comer bought and presumably paid for the stock and afterwards transferred it to R. R. Russell. Appellee was an innocent purchaser for value of the evidences of debt given by R. R. Russell. The original note given by R. R. Russell was never paid by him or by his executors. The renewal notes were executed by the executors under the advice of their attorney, Judge R. F. Spencer, who was fully authorized by them to act for them in all matters pertaining to the estate. There were several renewals of the notes, and sometimes the interest was paid and sometimes added to the principal of the renewals.

The judgments in this and the other four cases of the same style, numbered 7831, 7832, 7833, 7834, and 7835, are affirmed.